The document below is hereby signed.

Signed: November 18, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARK A. WRIGHT, | ) | Case No. 05-00626 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER DENYING MOTION
TO STRIKE AMENDED MATRIX AND TO LIFT AUTOMATIC STAY

Aditya Bhat, the debtor's landlord, has filed a document bearing the title "Plaintiff's Objection to Amended Matrix . . . and Request to Lift § 362 [Automatic Stay] if Applicable."  In effect, the document is a motion to strike the debtor's amended mailing matrix and to lift the automatic stay if it is applicable.

On his original list of creditors (filed as a mailing matrix), the debtor Wright did not list Bhat as a creditor (although he did schedule Bhat as a landlord on Schedule G). After the case was closed, Wright filed an amended mailing matrix adding Bhat as a creditor.  Bhat contends that Bhat was not a creditor of Wright in this case, as the debt is for delinquent rent owed from August 2007 forward.  Although Bhat probably *was* a

creditor because Bhat had a contingent right to future payments under the scheduled lease, I need not deny the motion on that basis.

I

Because the case was closed, Wright would have been required to file a motion to reopen the case if he wanted the amended mailing matrix to be given effect. He did not file a motion to reopen the case. Although the clerk docketed the amended mailing matrix, it is ineffective, and serves no purpose, unless the case were to be reopened.

Moreover, even if the case were reopened, the amended mailing matrix would serve no purpose unless some new matter (for example, a trustee's motion to sell unscheduled assets of the debtor) were filed as to which the court would be required to give notice to all entities listed as creditors. For example, as to omitted creditors listed on an amended matrix after discharge, the reopening of the case to permit the filing of the amended matrix would not add anything to whether the discharge is effective as to such creditors: because this was a case in which no bar date was set for filing proofs of claim, the discharge applies to even creditors who were never listed. See In re Hunter, 116 B.R. 3 (Bankr. D.D.C. 1990).

Because the amended mailing matrix has no effect at this juncture, there is no reason to strike it. Accordingly, even if

2

the court were to treat the amended matrix as having been properly filed (which it does not), and even if the case had been reopened such that the motion to strike the amended mailing matrix were properly before the court (which it is not), the request to strike the matrix would be denied as moot.

II

As to the request to lift the automatic stay if it is applicable, in addition to filing a motion to reopen the case, a fee is required for filing a motion for relief from the automatic stay.  Moreover, as explained below, Bhat has not pointed to any act barred by the automatic stay, and accordingly, even if the case had properly been reopened and the fee for pursuing the lift stay motion paid, the court would deny the motion.

A.

Under 11 U.S.C. § 362(c) (with exceptions of no relevance here:

>     (1) the stay of an act against property of the
> estate under subsection (a) of this section continues
> until such property is no longer property of the
> estate; [and]
>     (2) the stay of any other act under subsection (a)
> of this section continues until the earliest of--
>         (A) the time the case is closed;
>         (B) the time the case is dismissed; or
>         (C) if the case is a case under chapter
>     7 of this title concerning an individual . .
>     . , the time a discharge is granted or
>     denied.

Applying that provision to the facts alleged here, Bhat has not shown that the automatic stay is applicable to any act that Bhat

seeks to take.

B.

Scheduled property ceases to be property of the estate upon the closing of the case. 11 U.S.C. § 554(c). Bhat does not point to any unscheduled property of the debtor that, because of its unscheduled nature, resulted in its remaining property of the estate under 11 U.S.C. § 554(d). Indeed, on Schedule G (Executory Contracts and Unexpired Leases), Wright scheduled a "rental lease" for which Bhat was listed as the landlord, and, accordingly, upon the closing of the case on November 14, 2006, that lease ceased (pursuant to § 554(c)) to be property of the estate, and the automatic stay protecting that asset as property of the estate terminated (pursuant to § 362(c)(1)) as of that date.

C.

The balance of the automatic stay (regarding acts other than against property of the estate) terminated upon the debtor receiving a discharge on March 31, 2006. Although the automatic stay was replaced by a discharge injunction under 11 U.S.C. § 524(a), if Bhat seeks a declaration as to whether any act he seeks to take is barred by the discharge injunction, he must file a motion to reopen the debtor's bankruptcy case and file, in accordance with Fed. R. Bankr. P. 7001, an adversary proceeding seeking a declaration as to the applicability of the discharge

injunction.[1]

III

In accordance with the foregoing, it is

ORDERED that document bearing the title "Plaintiff's Objection to Amended Matrix . . . and Request to Lift § 362 [Automatic Stay] if Applicable" filed by Aditya Bhat, the debtor's landlord (and treated as a motion to strike the debtor's amended mailing matrix and to lift the automatic stay if it is applicable) is DENIED without prejudice to Bhat's filing a motion to reopen this bankruptcy case and filing an adversary proceeding seeking a declaration as to the applicability of the discharge injunction to any act he seeks to take to collect a debt against the debtor.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office of United States Trustee; Aditya Bhat, 6301 Hidden Clearing, Columbia, MD 21045.

---

[1] The court notes that the question of whether the discharge injunction bars a landlord from collecting, as a personal obligation against the debtor, any rent that became due postpetition under a residential lease that was deemed rejected by the chapter 7 trustee, but where the debtor continued to occupy the leased premises, is an unsettled question of law. Compare In re Dame, 2008 WL 906847, at *2 (Bankr. D.D.C. April 1, 2008), with In re Werbinski, 271 B.R. 514, 517 (Bankr. E.D. Mich. 2001).

O:\TEEL\Laura\OPINIONS\Wright\Wright (Mark) Mem Decsn & Order Denying Bhat's Mtn to Strike Amended Mailing Matrix, Etc v4.wpd

5